**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

YORDAN CHAPELLI-PEDROSO,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C12-0121-LRR
No. CR10-0108-LRR

ORDER

---

This matter appears before the court on Yordan Chapelli-Pedroso's first amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 4).[1] Yordan Chapelli-Pedroso ("the movant") filed such motion on December 21, 2012. Also before the court is the movant's original motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1), which the clerk's office received and filed on December 4, 2012, and second amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 5), which the movant filed on July 18, 2013. For the following reasons, the movant's 28 U.S.C. § 2255 motion shall be denied.[2] In addition, the movant's original motion to vacate, set aside or correct

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377 (2001).

[2] No response from the government is required because the first amended motion
(continued...)

sentence pursuant to 28 U.S.C. § 2255 and second amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied. Lastly, a certificate of appealability shall be denied.

The AEDPA contains a one year period of limitation during which a 28 U.S.C. § 2255 motion must be filed.[3] The statute of limitation begins to run from the latest of four

---

(...continued)
to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See* Rule 8, Rules Governing Section 2255 Proceedings; *see also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating that district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating that district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

[3] A 1-year period of limitation shall apply to a motion under this section.
The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

circumstances. The first of these circumstances is the date on which the judgment of conviction became final. Here, the movant's conviction became "final" on November 29, 2011, that is, the last date he could have filed a petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); Sup. Ct. R. 13 (setting forth time for petitioning for a writ of certiorari). Given such date, the movant needed to file the instant motion by no later than November 29, 2012. The movant did not file his first amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 until December 21, 2012, which is approximately three weeks past the last day it properly could have been filed.[4] Further, the movant is unable to rely on any of the remaining three timeliness provisions set forth in 28 U.S.C. § 2255.

The Eighth Circuit Court of Appeals has held that the doctrine of equitable tolling applies to 28 U.S.C. § 2255 motions. *United States v. Martin*, 408 F.3d 1089, 1092-93 (8th Cir. 2005). However, equitable tolling only applies "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *Id*. at 1093 (citing *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), and *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999)). "Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake,

---

[4] Although the movant stated in his original motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 that it was timely filed because he put it in the prison's mailbox on November 28, 2012, the movant did not date it when he signed it. And, the envelope that the movant utilized when submitting his original motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 does not contain a postmark. Moreover, the original motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 purports to assert three claims for relief, but the movant did not specify any details regarding such claims. So, for all practical purposes, the movant did not submit anything on November 28, 2012, and the earliest that the movant submitted the four claims that are set forth in the movant's first amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was December 21, 2012.

3

has not generally been considered an extraordinary circumstance in this regard." *Id*. (citing *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002), and *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003)); *see also Kreutzer*, 231 F.3d at 463 (holding "counsel's confusion about the applicable statute of limitations does not warrant equitable tolling"). The movant does not offer a valid excuse for failing to timely file his 28 U.S.C. § 2255 motion. Therefore, the court finds that the movant's situation does not fall within the limitation period allowed by 28 U.S.C. § 2255.

In sum, the claims that the movant asserts could have been asserted before a judgment of conviction was entered, on direct appeal or in a timely 28 U.S.C. § 2255 motion. "'The one year period provided him with reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute.'" *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000) (quoting *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)). Although this is a harsh rule, it is the law. Accordingly, the movant's first amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.[5]

---

[5] The court notes that, aside from the fact that the movant's claims are untimely, relief is not warranted because the record belies the movant's assertions. Indeed, it is clear that the movant knowingly and voluntarily pleaded guilty. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction). Further, it is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and any deficiencies in counsel's performance did not prejudice the movant's defense, *id*. at 692-94. The movant's claims regarding ineffective assistance of counsel are devoid of merit, especially considering that: (1) the issue of whether the movant faced a five year mandatory minimum sentence or a ten year mandatory minimum sentence was addressed by the parties and the court prior to the movant's guilty plea being accepted by the court; (2) the movant never voiced any concern when the court confirmed during the sentencing hearing that he faced a ten year mandatory minimum sentence and asked whether his plea

(continued…)

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the

---

⁵(…continued)
was still guilty; (3) the movant expressed that he understood the details of his pre-sentence investigation report; (4) the court appropriately considered relevant conduct under USSG § 1B1.3, *cf. United States v. Resinos*, 631 F.3d 886, 887-88 (8th Cir. 2011); (5) the movant's sentence of 151 months imprisonment exceeded the five year mandatory minimum sentence and the ten year mandatory minimum sentence; (6) *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), was decided well after the movant's sentence became final; and (7) the Supreme Court has not made *Alleyne* retroactive to cases on collateral review, *see Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013).

constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his first amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

(1) The movant's original motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1), first amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 4) (docket no. 4) and second amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 5) are **DENIED** as untimely.

(2) A certificate of appealability is **DENIED**.

**DATED** this 10th day of April, 2014.

*[signature]*
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA